NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLEARVALUE, INC.,**
*Plaintiff,*

AND

**RICHARD ALAN HAASE,**
*Plaintiff-Appellant,*

v.

**PEARL RIVER POLYMERS, INC., POLYCHEMIE, INC., SNF, INC., POLYDYNE, INC., AND SNF HOLDING COMPANY,**
*Defendants-Appellees.*

---

2012-1595

---

Appeal from the United States District Court for the Eastern District of Texas in No. 06-CV-0197, Judge Leonard Davis.

---

Decided: December 9, 2013

---

RICHARD A. HAASE, of Missouri City, Texas, pro se.

HOWARD L. CLOSE, Wright & Close, L.L.P., of Houston, Texas, for defendants-appellees. With him on the brief were R. RUSSELL HOLLENBECK; and ANDY TINDEL, Mann, Tindel & Thompson, of Tyler, Texas.

————————————

Before MOORE, SCHALL, and REYNA, *Circuit Judges.*

PER CURIAM.

Mr. Haase appeals from the district court's order that Appellees are entitled to recover (1) costs as the prevailing party in this case, and (2) monetary sanctions related to discovery violations by Mr. Haase and others. In previous appeals related to this case, we affirmed the district court's imposition of monetary sanctions, affirmed the grant of judgment as a matter of law (JMOL) that Appellees did not misappropriate a trade secret, and reversed the denial of JMOL of patent invalidity. *See ClearValue, Inc. v. Pearl River Polymers, Inc.*, 668 F.3d 1340, 1345–46 (Fed. Cir. 2012); *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 560 F.3d 1291, 1304–05 (Fed. Cir. 2009).

Mr. Haase argues that the district court abused its discretion by awarding costs to Appellees; challenges the award of monetary sanctions; and challenges the final judgment related to trade secret misappropriation and patent invalidity. We have considered these and all other arguments Mr. Haase raises, and find them to be without merit. Accordingly, we *affirm*.

## AFFIRMED

### COSTS

Costs are awarded to Appellees.